JAMES CHAPMAN, Administrator of the Succession of Joseph Fuqua, deceased, v. FRANKLIN HARDESTY, Dative Testamentary Executor of Warren C. Whitaker, and others.

Plaintiff's intestate, as assignee of a judgment against four parties, agreed to accept from two of the debtors a title to a tract of land in satisfaction thereof, and gave a receipt on the *fi. fa.* issued on the judgment for its amount in full. The act of sale was prepared and signed by one of the two debtors, but the other died before executing it, and before he had been put in default, and his executor offered to complete the act. In an action to cancel the receipt: *Held,* that by signing the receipt on the *fi. fa.* plaintiff's intestate abandoned his rights thereunder, reserving only what he acquired against the two debtors who contracted to give the title to the land; that one having complied with his obligation, and the other dying without having been put *in mora,* the contract with them cannot be abandoned, and the obligation of the others revived. Judgment in favor of defendants as in case of non suit.

APPEAL from the District Court of East Feliciana, *Johnson, J. Lawson,* for the appellant.

*Dunn* and *McVea,* for the defendants.

MARTIN, J. The plaintiff states, that J. C. Chapman having obtained a judgment against Marks, Whitaker, Terrell and McKneely, transferred it to Fuqua, whose succession he represents, in payment for a negro slave; that Marks and Whitaker agreed to transfer a tract of land to Fuqua, in discharge of the said judgment; that accordingly Fuqua acknowledged the receipt of the amount of the judgment on a writ of *fi. fa.* issued thereon, in the expectation of the title to the land, which was never executed; that Whitaker died, and Hardesty has been appointed his dative testamentary executor; that Marks has made a cession of goods, and Terrell has been appointed his syndic; that McKneely has also died, and his brother is administrator of his estate; and that Terrell has removed out of the jurisdiction of the court. The petition concludes with a prayer, that the administrators of the two deceased, and the syndic of the insolvent be cited, and that, contradictorily with them, the plaintiff as administrator of Fuqua, may have a judgment decreeing that the receipt on the back of the *fi. fa.,* be cancelled and annulled.

The defendants pleaded, that as far as the transfer of the land which Whitaker and Marks agreed to make to Fuqua is con-

cerned, Hardesty, as executor of Whitaker, is ready to comply therewith on the part of the deceased, and that the transfer has already been signed by Marks.

There was a judgment in favor of the defendants as in case of non suit, and the plaintiff appealed.

The record shows, that Marks, Whitaker and Fuqua requested to have the deed prepared ; that it was prepared, but that Whitaker went away in the mean while, promising to return and sign the deed, but did not do so ; that it was executed by Marks only ; that the consideration for Fuqua's receipt on the *fi. fa.*, was the undertaking of Marks and Whitaker to transfer the land ; and that Fuqua had the control of the execution, and was the owner of the judgment.

It does not appear to us that the court erred. Fuqua, by his receipt on the *fi. fa.*, abandoned his rights thereon, reserving to himself nothing but those which he had acquired against Marks and Whitaker. Marks complied with his obligation, and Whitaker died without having been put *in mora*. The plaintiff cannot be permitted to abandon his contract with two of the defendants, and revive the obligation of the two others.

*Judgment affirmed,*